# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| BRYANT WAYNE WILLIAMS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  6:19-cv-00468-LCB-JHE |
| SHERIFF NICHOLAS SMITH, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Bryant Wayne Williams, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).  On December 7, 2021, the magistrate judge entered a report recommending the court grant the defendants' motion to dismiss this action pursuant to 42 U.S.C. § 1997e(a) based on Williams' failure to exhaust his administrative remedies.  (Doc. 31).  On December 27, 2021, Williams filed objections to the magistrate judge's report and recommendation.  (Doc. 32).

In his objections, Williams claims he filed "[n]umerous grievances" while incarcerated at the Walker County Jail, but only one was placed in his file, and the defendants have "willfully and intentionally lied to this court."  (Doc. 32 at 1). Williams argues that jail staff failed to follow their own code of conduct and

obstructed justice, and that "[i]t is a well known rumor" that officials shred grievances instead of reading them. (Doc. 32 at 2).

Williams does not offer any factual allegations concerning the approximate dates on which he submitted these numerous written grievances, the substance of the grievances, or to whom he directed the grievances. Other than Williams' own vague and conclusory allegations that he filed numerous written grievances, there exists no evidence to support Williams' claim that he did so. However, the defendants have submitted affidavits under penalty of perjury asserting that Williams' jail file contained only one undated written grievance which did not concern the allegations made in his complaint. (Doc. 29-2, Calloway Aff. ¶¶ 16, 24; Doc. 29-3, McCluskey Aff. ¶ 16; Doc. 29-6 at 2). Accordingly, the defendants have met their burden of demonstrating that Williams did not exhaust his administrative remedies concerning his constitutional claims arising from the inmate assaults and his objections are **OVERRULED**. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (explaining that the defendants bear the burden of proving the plaintiff failed to exhaust his administrative remedies).

Having considered the entire file in this action, along with the report and recommendation and Williams' objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The defendants' motion to

dismiss is due to be granted pursuant to 42 U.S.C. § 1997e(a), and this action is due to be dismissed without prejudice.

The court will enter a separate order Final Order.

**DONE** and **ORDERED** this February 24, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE